IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| PATRICK LANNING, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>COMMISSIONER OF SOCIAL )<br>SECURITY ADMINISTRATION, )<br>)<br>Defendant. )<br>_____) | CIVIL ACTION NO. 9:09-2066-HFF-BM<br><br><br><br>**REPORT AND RECOMMENDATION** |

The Plaintiff filed the complaint in this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein he was denied disability benefits. This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.). The Defendant filed a motion to dismiss the Complaint on March 16, 2010, asserting that Plaintiff's Complaint was filed out of time. Plaintiff did not file a response to Defendant's motion.

The Defendant has attached to his memorandum an affidavit from Marian Jones with the Office of Disability Adjudication and Review, Social Security Administration, wherein Jones attests that the Appeals Council denied review of Plaintiff's adverse administrative decision on February 27, 2009, at which time Plaintiff was notified that he had sixty (60) days to commence a civil action in the United States District Court (i.e., no later than May 4, 2009). Jones further attests



that on May 22, 2009, Plaintiff requested an extension of time to file a civil action, which (even though out of time) the Appeals Council granted on June 2, 2009, notifying Plaintiff that he had thirty (30) days from the date he received the letter to file a civil action. That letter also informed Plaintiff that the Appeals Council would assume he received the notice within five (5) days of June 2, 2009, with Plaintiff's new deadline for commencing a civil action being no later than July 7, 2009. See generally, Jones Affidavit, with attached Exhibits [ALJ Decision, Appeals Council Decision, and Grant of Extension of Time]. No further requests for an extension of time were received, but Plaintiff did not thereafter file this civil action until August 5, 2009.

A civil action on any claim arising under Title II or Title XVI of the Social Security Act must be commenced within sixty (60) days of notice of an adverse decision, or within such further time as the Commissioner may allow. 42 U.S.C. § 405(g). The date of receipt is presumed to be five (5) days after the date of such notice, unless there is a reasonable showing to the contrary. See 20 C.F.R. §§ 404.901, 422.210(c); see also Hyatt v. Heckler, 807 F.2d 376, 378 (4th Cir. 1986), cert. denied, 484 U.S. 820 (1987)[Upholding sixty day time limitation]; Hunt v. Schweiker, 685 F.2d 121, 122-123 (4th Cir. 1982)[same]. As noted, Plaintiff did not file his Complaint until August 5, 2009, well after his limitations period had expired. While equitable tolling of the limitations period may be appropriate under some circumstances; Bowen v. City of New York, 476 U.S. 467, 480 (1980); Plaintiff has not made any argument for equitable tolling in this case. Indeed, the time for responding to the Defendant's motion to dismiss has now expired, without Plaintiff filing any response to the motion whatsoever.

Therefore, it is recommended that the Defendant's motion to dismiss Plaintiff's

Complaint be **granted**.

The parties are referred to the notice on the next page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

May **7**, 2010

Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

