

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| PATRICK LANNING, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 9:09-2066-HFF-BM |
| | § | |
| MICHAEL J. ASTRUE, Commissioner of | § | |
| Social Security Administration, | § | |
| Defendant. | § | |

## ORDER

This case was filed as a Social Security action. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendant's motion to dismiss Plaintiff's Complaint be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on May 11, 2010, Plaintiff filed his Objection to the Report on May 28, 2010, and Defendant filed his Reply to Plaintiff's Objection on June 4, 2010.

Plaintiff argues Defendant's motion to dismiss Plaintiff's Complaint on the basis that the Complaint was untimely filed is without merit. The Court disagrees.

As a preliminary matter, the Court notes that Plaintiff inexplicably failed to file a response to Defendant's motion to dismiss. Consequently, the Court was not even aware of Plaintiff's opposition to the motion to dismiss until after the Magistrate Judge recommended granting the motion.

Plaintiff was granted an extension of time until July 7, 2009 to file his Complaint. This extension was granted on June 2, 2009. There is nothing in the record to suggest that Plaintiff did not receive notification of the extension shortly thereafter. But he did not file his Complaint until August 5, 2009, almost a full month late. Plaintiff's claim that his poor eyesight contributed to the delay is insufficient to invoke the remedy of equitable tolling. Simply stated, he was not diligent in pursuing his claim.

According to Plaintiff, he informed his representative "on July 16, 2009 that he had received a paper from Social Security stating something about an extension." (Objections 1.) Thus, from that, Plaintiff argues that he had thirty days from that date to file his Complaint. The Court is unpersuaded.

Plaintiff does not state that he had just received the paper on July 16, 2009, just that July 16, 2009, was the date that Plaintiff shared information about the letter with his representative. Nor is there any explanation as to why, when Plaintiff's representative deduced that an extension of time had been granted, that the representative thought that Plaintiff had thirty days, as opposed to some other number of days, from that date to file the Complaint. After all, the request for additional time did not specify how long of an extension that Plaintiff was seeking. Moreover, Plaintiff does not

avow that he told his representative that he had thirty days. In fact, the June 2, 2009, letter actually gave Plaintiff a total of thirty-five days from the date of the letter to file his Complaint. Hence, from the record, it appears that all the representative "knew" was that Plaintiff had been given an extension. Nevertheless, Plaintiff's counsel waited another twenty days from the date that Plaintiff's representative was informed of the extension to file the Complaint. In light of all of these facts, Plaintiff's argument that dismissal is inappropriate is unavailing.

Therefore, after a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report and incorporates it herein. As such, it is the judgment of this Court that Defendant's motion to dismiss Plaintiff's Complaint is hereby **GRANTED.**

**IT IS SO ORDERED.**

Signed this 31st day of August, 2010, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE